WILLIAM WILSON CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14505.   Promulgated February 12, 1930.

*Melvin D. Wilson, Esq.*, and *Joseph D. Peeler, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

1108

[REDACTED]

OPINION.

BLACK: In this case the only question involved is whether or not the petitioner has a right to have its tax assessed under the provisions of section 328 of the Acts of 1918 and 1921. Petitioner claims three grounds for assessment under section 328. First, low salaries paid to its officers; second, several years' profits realized in one year on a real estate development; third, the exclusion by the Commissioner of large income-producing intangible assets from its invested capital.

With reference to the last-named contention, petitioner contends that on account of the fact that the respondent excluded a large part of its capital stock from invested capital under section 326 (a) (4), such exclusion constitutes abnormality. From the examination of the facts in this case we find that when petitioner was incorporated in 1916, the amount of its capital stock which was issued was $90,000 and of this capital stock $74,250 was issued in payment of insurance agencies, real estate contracts, and good will. The facts clearly show that these intangible assets which were given in payment of said

amount of stock were worth the full amount of the face value of the stock. Section 326 (a) (4), however, says that in a case of this kind the Commissioner of Internal Revenue shall only allow as invested capital for these intangibles an amount not to exceed 25 per cent of the total amount of the capital stock of the corporation. The petitioner does not contend that the respondent has made any error in arriving at invested capital under section 326 (a) (4), but contends that on account of the exclusion thereby of a large amount of its producing invested capital, an abnormal condition was created by which it is entitled to have its income and excess-profits tax for 1920 and 1921 assessed under the provisions of section 328. The principle on which petitioner relies is supported by the decisions in *Whitman & Sons*, 11 B. T. A. 1192; *J. H. Guild Co.*, 11 B. T. A. 914; and *Detroit Opera House, Inc.*, 13 B. T. A. 587.

In the *J. H. Guild Co.*, 11 B. T. A. 914, we permitted the petitioner to have its taxes assessed under section 328 of the Revenue Acts of 1918 and 1921, notwithstanding the Commissioner had allowed the taxpayer the full amount of invested capital for intangibles permitted by section 326 (a) (5) of the Acts of 1918 and 1921. That case seems to be in point to the one now under consideration.

The exclusion of intangibles under section 326 (a) (4) must be such as to create an abnormal condition. Where, as here, the assets excluded are the most substantial part of the taxpayer's earning assets and are the principal contributing factors in the production of taxable income of the petitioner, it is our opinion that such an abnormality exists.

On account of what we have said in the foregoing opinion, it is unnecessary to discuss the other grounds which the petitioner urged as reasons for special assessment under section 328.

Reviewed by the Board.

*Decision will be entered under Rule 62 (c).*